

U.S. Department of Justice

United States Attorney
Southern District of Florida

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 961-9295 - Telephone*

December 27, 2022

David J. Smith, Clerk of the Court
United States Court of Appeals
    for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

      Re:    Rule 28(j) Supplemental Authority in *United States v. Reginald Graham et al.*, Case No. 19-10332

To the Court:

      At trial, two lay witnesses—Agent Perez and Sergeant Kelly—interpreted slang terms that Appellants used. In their reply briefs, several Appellants renew the contention that Perez and Kelly could not testify as lay witnesses because they based their opinions in part on prior experience. *E.g.*, (Walker Reply Br.:12).

      But a lay witness may offer "opinion testimony based on his [or her] professional experiences." *United States v. Williams*, 865 F.3d 1328, 1341 (11th Cir. 2017) (cited in U.S. Br.:45). *United States v. Wheeler*, 16 F.4th 805 (11th Cir. 2021), offers a recent example of this principle. A confidential informant infiltrated a stock boiler room and then testified about "some of the jargon used in [recorded] conversations." *Id.* at 827-28. As the panel observed, the informant "was able to draw on his own experience" in forming his opinions. *Id.* at 828. And there was nothing wrong with that; the witness "met [Rule 701's] criteria" and "did not give an improper lay opinion." *Id.* at 827-28.

      *Wheeler* is not an outlier. *See also United States v. Stahlman*, 934 F.3d 1199, 1223-24 (11th Cir. 2019) (lay "interpretations of Stahlman's statements . . . were based on Agent Hyre's perceptions . . . in this case and informed by his years of experience investigating child exploitation and child pornography crimes," and

"testimony of that nature is a proper subject for a lay witness"); *United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011) ("Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences" or "years of experience within the field" (internal quotation marks omitted)).

In short, when an agent figures out what slang terms mean while investigating a case, he can interpret those terms as a lay witness—even if his prior experience helped him form those opinions.

Respectfully submitted,

Juan Antonio Gonzalez
United States Attorney

*/s/ Jason Wu*
Jason Wu
Assistant United States Attorney

cc:  Counsel for Appellants