

U.S. Department of Justice

United States Attorney
Southern District of Florida

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 961-9295 - Telephone*

September 10, 2024

David J. Smith, Clerk of the Court
United States Court of Appeals
    for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

    Re:    Rule 28(j) Supplemental Authority in *United States v. Reginald Graham et al.*, Case No. 19-10332

To the Court:

This Court's recent decision in *United States v. Wall*, --- F.4th ---, 2024 WL 4099978 (11th Cir. Sept. 6, 2024), helps to resolve the lay opinion testimony dispute in this appeal. *See* (U.S. Br. Part VI.A, at pages 45-50).

*Wall*, a similar RICO gang prosecution, gave rise to a similar issue. There, the appellants argued that the district court erred by allowing the case agents to opine about certain facts that they learned while investigating the gang. *See* 2024 WL 4099978, at *13. Like the Appellants here, the crew in *Wall* insisted that case agent testimony about the activities and roles of the defendants violated *United States v. Hawkins*, 934 F.3d 1251 (11th Cir. 2019).

The *Wall* Court distinguished *Hawkins* for reasons that apply here just as well. "*Hawkins* was about expert testimony," so it does not bar agents from offering lay opinions. *Wall*, 2024 WL 4099978, at *13. Also, the problem in *Hawkins* was that the disputed expert testimony was almost the entire case-in-chief. When agents' testimony is part of a much longer trial featuring dozens of other witnesses, it does not pose the same risk of unfair prejudice. *See Wall*, 2024 WL 4099978, at *13-14. Finally, as *Wall* recognized, "an agent's translation of

code words that he learned through his examination of voluminous documents over the course of his investigation [is] permissible lay testimony." *Id.* at *14 (internal quotation marks omitted).

*Wall* defeats Appellants' challenge to Agent Perez and Sergeant Kelly's testimony. Agents Perez and Kelly testified primarily about the meaning of code words that they gleaned through their extensive investigation into this gang. They did so by offering their lay opinions, not expert testimony. Finally, putting the two investigators aside, the government presented more than 60 witnesses, including several cooperators, to prove this extensive RICO and drug conspiracy. Thus, the district court acted well within its discretion by admitting Agent Perez and Sergeant Kelly's helpful lay opinions.

        Respectfully submitted,

        Markenzy Lapointe
        United States Attorney

        */s/ Jason Wu*
        Jason Wu
        Assistant United States Attorney

cc:    Counsel for Appellants