# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 19-10332

_____

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

*versus*

REGINALD GRAHAM,
a.k.a. The Real Rico,
a.k.a. To Cool Rico,
a.k.a. G'Rico Longllive Kingsqueezer,
a.k.a. Reggie,
ANTONIO GLASS,
a.k.a. ntn_1bloodgangsta@yahoo.com,
a.k.a. Tone Bleedin Red (Tone Gone Bag'em),
a.k.a. Money Man Future @ S16_Future,
a.k.a. smackvilletone,
a.k.a. Tone Glass,
a.k.a. (at)tone.glass,
JERIMAINE BRYANT,

2  Order of the Court  19-10332

a.k.a. RNS DSBF Capo,
a.k.a. (at) d5bf_mc,
a.k.a. Blood @_McMaine06,
a.k.a. Maine,
MARIO RODRIGUEZ,
a.k.a. "Blood",
a.k.a. "str8_crackk",
a.k.a. "Tuti",
TORIVIS REGINALD INGRAM,
a.k.a. "DSBF Mullet",
MICHAEL WALKER,
a.k.a. Laid Back ManMan,
a.k.a. Baba,
LEVI BRYANT,
a.k.a. Fish,
CURTIS BRYANT,
a.k.a. Snow Luther King Jr.,
a.k.a. Snow Bryant,
a.k.a. Big Momma,
DANIEL JONES,
a.k.a. Dodo,
SAMUEL HAYES,
a.k.a. DSBF Jit,
a.k.a. Nba Flame,
a.k.a. Looney Hoe,
a.k.a. Sammy,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cr-20307-JEM-7

_____

Before JORDAN, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

The petitions for panel rehearing filed by Daniel Jones and Samuel Hayes are DENIED.

Mr. Jones contends that the improper exclusion of Tracy Bryant for a violation of Rule 615 caused him prejudice as to his Count 2 narcotics conspiracy conviction and requires a new trial. He asserts that we failed to address his contention about prejudice.

We disagree. First, we did consider Mr. Jones' argument. Although we did not specifically discuss that argument in the opinion, we explained in a footnote that as to any issues not discussed we were summarily affirming. *See United States v. Graham*, 123 F. 4th 1197, 1234 n.5 (11th Cir. 2024). Second, Mr. Jones is not entitled to reversal of his Count 2 conviction. The testimony that Ms. Bryant proposed to offer would have cast doubt on Vandel Coakley's testimony that he had witnessed the murder of Pooh Johnson. We acknowledge, as stated in the opinion, that Mr. Coakley implicated

| 4 | Order of the Court | 19-10332 |

Mr. Jones in the narcotics conspiracy. Although Ms. Bryant's proposed testimony would have impacted Mr. Coakley's credibility as to the murder, we concluded that as to Jerimaine Bryant such impeachment would not have caused him prejudice as to other matters. *See id.* at 1258 ("Jerimaine Bryant argues that he would have received some general benefit from Ms. Bryant weakening Mr. Coakley's overall credibility. But Jerimaine Bryant was not implicated in the murder of Mr. Johnson, and as a result his generalized allegations are insufficient to establish the requisite prejudice."). The same is true for Mr. Jones. Third, Mr. Coakley's testimony was not the only evidence of Mr. Jones' participation in the narcotics conspiracy. *See, e.g.,* D.E. 1221 at 18.

Mr. Hayes argues that we failed to acknowledge that he set out the challenged other acts evidence in the procedural history/fact sections of his brief. He is correct that this section of his brief detailed the other acts evidence the government introduced against him. But those convictions were for varied offenses and arrests from different years: two convictions when Mr. Hayes was 15; three convictions in 2012 for carrying a concealed firearm, being a felon in possession of a firearm, and fleeing and eluding; and three convictions in 2013 for carrying a concealed firearm, being a felon in possession of a firearm, and burglary of an unoccupied dwelling. *See* Mr. Hayes' Br. at 14-17. And in the argument section of his brief, Mr. Hayes mostly lumped them all together for purposes of arguing that the district court erred in allowing their admission.

19-10332               Order of the Court                5

Even assuming that this constituted adequate briefing to challenge all of the admitted other acts evidence, Mr. Hayes is not entitled to reversal of his convictions for Hobbs Act robbery (Counts 15 and 17) and brandishing a firearm in furtherance of a crime of violence (Count 18).  He has not provided any authority for his central legal proposition—that the other acts evidence had to be connected to gangs or organized crime to be admissible.